PARA RUBBER SHOE COMPANY *vs.* CITY OF BOSTON.

Suffolk. Jan. 29. — March 25, 1885. DEVENS, W. ALLEN, & COLBURN, JJ., absent.

The city of Boston took the waters of Farm Pond, under the St. of 1872, c. 177. Section 4 of the act provided that nothing in the act should be so construed as to prevent the inhabitants of certain towns from taking from the pond so much of the water granted as should be necessary "for all ordinary domestic and household purposes, and for the generation of steam." A manufacturing corporation in one of the towns drew water from the pond for generating steam, and for grinding, washing, and cooling rubber. *Held*, on a bill in equity by the corporation to restrain the city from interfering with the plaintiff in the use of the water, that grinding, washing, and cooling rubber were not purposes for which the inhabitants had a right, under the act, to use the water; and that, until the unlawful use was discontinued, the plaintiff had no standing in court.

HOLMES, J. This is a bill in equity, filed January 15, 1884, and brought to restrain the city of Boston from in any way interfering with the plaintiff in obtaining the water from Farm Pond necessary for carrying on its business in its factories, and from cutting off, stopping, or meddling with the pipe through which the plaintiff obtains water for that purpose.

The city took the waters of Farm Pond under the St. of 1872, c. 177. But by § 4 of that act nothing contained in it "shall be so construed as . . . . to prevent the inhabitants of the towns of Framingham . . . . from taking from . . . . Farm Pond so

much of the water hereby granted as shall be necessary for extinguishing fires, and for all ordinary domestic and household purposes,.and for the generation of steam, or from cutting and carrying away ice from said pond."

The plaintiff is a Massachusetts corporation located at Boston, but having its works at Framingham upon land hired from another company, and getting the water by a pump through a pipe extending a hundred or more feet into the pond within the location of the Old Colony Railroad Company, (which, however, does not own the fee,) by permission of the railroad company and of the town.   One third to one half of the water thus drawn is used for generating steam, the rest in grinding, washing, and cooling the rubber manufactured, and for the water closets used by the operatives.   Farm Pond is a great pond.

On these facts, it is apparent that the bill cannot be maintained as it now stands.   The plaintiff shows no special title to draw water.   Its rights, if it has any, are simply those of an inhabitant of Framingham, subject to the question which has been argued, whether it is an inhabitant within the meaning of § 4 of the act.   It was assumed by both sides at the argument that the plaintiff had no rights beyond those' contemplated by the words of the act.   This being so, there can be no pretence that grinding, washing, and cooling the rubber, at least, are among the purposes for which the act is not to prevent the inhabitants from using the water; and the somewhat broader language of the St. 1881, c. 206, authorizing the town of Framingham to take the waters,* of course cannot have any retrospective effect upon the construction of the earlier act, and, if it could, is not of a nature to do so.   The plaintiff is not entitled to have the city of Boston restrained from stopping the withdrawal of the water for unauthorized uses, and until it makes it appear how the city can distinguish between what is withdrawn lawfully and what is withdrawn unlawfully, or discontinues the unauthorized use, it can have no standing in court.   On this

* Section 1 of this act authorizes the town of Framingham "to supply itself and its inhabitants with pure water to extinguish fires, generate steam, and for domestic and other uses."

Section 2 provides that the town may take and hold the waters of Farm Pond for the purpose-specified in section 1.

ground, without discussing other questions which have been or might be argued, the bill must be dismissed. *Bill dismissed.*

*H. D. Hyde,* for the plaintiff.

*E. P. Nettleton,* (*A. J. Bailey* with him,) for the defendant.